875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dolores A. SPEARS, et al., Plaintiffs-Appellants
v.
Robert A. BOWMAN, et al., Defendants-Appellees
 No. 88-1704.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this procedural due process case, the plaintiffs, student loan borrowers, challenge the Michigan state procedures and practices related to the seizure of their wages and state income tax refunds to satisfy student loan obligations. The issues raised under 42 U.S.C. Sec. 1983 are whether the plaintiffs were denied procedural due process because they were not provided with meaningful notice and an opportunity for a hearing prior to the offset of their state income tax refunds against their student loan debts and the garnishment of their wages through non-judicial process. Additionally, the plaintiffs question whether the G.C. Services Corporation, the private debt collection agency hired by the State to collect debts on its behalf, is exempt as a de facto state employee under the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692.
 
 
 2
 The plaintiffs, Delores Spears, Pamela Hernandez and Carla Luster, are former students of Pontiac Business School. They obtained student loans between 1981 and 1983 from lenders participating in the Michigan Guaranteed Student Loan Program, a state program which is reinsured by the federal government and operated in part pursuant to the federal student loan program.
 
 
 3
 When the plaintiffs defaulted, the private lenders filed claims with the Michigan Loan Program which repaid them in full. The State then filed its own claims for reimbursement with the U.S. Department of Education under its reinsurance program and referred the claims against the student loan debtors to the Michigan Department of the Treasury for collection.
 
 
 4
 The Treasury Department then referred the student loan accounts to G.C. Services Corporation for collection. G.C. Services debt collection operations are supervised by the State by contract, but its personnel are not state employees. The private debt collection agency receives a contingent incentive fee of 2.5% of all amounts collected.
 
 
 5
 Several letters to the debtors were mailed. Among these notices is a May 1986 letter from the "Michigan Automated Collection System," the name under which G.C. Services operates under its contract with the State. The letter mentioned the possibility of a wage levy or levy on other "financial assets" without mentioning whether judicial garnishment or attachment processes would be used or whether a hearing would be permitted. The letter did not specifically mention the possibility of an offset of state income tax refunds against the debt. The letter encouraged the recipient to telephone if there were error but delineated no administrative hearing procedures.
 
 
 6
 The debtors were also mailed letters from the U.S. Department of the Treasury informing them of their overdue loans and of the possibility of levy on federal tax refunds. Although plaintiffs are not appealing any levy on federal tax refunds, the State claims that the notice from the federal government forms a part of the notice and hearing opportunities provided by the State to the debtors. It is the content of these various communications which is at issue here.
 
 
 7
 Starting in February, 1987, the Michigan Department of Treasury seized Spears' wages pursuant to a non-judicial, ex parte "Warrant-Notice of Levy." Since wage levy triggers continuous levies, Spears' wages were seized on five separate occasions. She asserts that she attempted to arrange installment payments through G.C. Services but received no response to her letter submitting financial information. A G.C. Services employee contacted Pamela Hernandez in February, 1987. Her wages were then seized ex parte on two separate occasions in March, 1987 without notice and opportunity for a hearing. Plaintiff Luster's wages were taken ex parte on four separate occasions in February and March of 1987.
 
 
 8
 G.C. employees allegedly did not explain the availability of procedures to contest the debt. After this lawsuit was initiated in March 1987, the State suspended the wage levies.
 
 
 9
 Each plaintiff's state income tax refund was offset in April and in June, 1987. Plaintiff Luster's federal tax refund also was intercepted in April, 1987, resulting in overpayment. Her state income tax refund for 1987 was again intercepted in April 1988 while this suit was pending even though her account had been overpaid in 1987.
 
 
 10
 The plaintiffs contended in the court below, and contend here, that the practices followed by the Michigan departments of Education and Treasury in seizing their funds ex parte fail to provide them with meaningful notice of the action to be taken against them or an adequate hearing prior to seizure of wages and state income tax refunds. On summary judgment, the District Court summarily found no violation of procedural due process.
 
 
 11
 Plaintiffs also contended in the court below that G.C. Services Corporation violated the Fair Debt Collection Practices Act and are not subject to 15 U.S.C. Sec. 1692a(6)(c) which exempts "any officer or employee of ... any state to the extent that collecting or attempting to collect any debt is in the performance of his official duties." The District Court summarily found that the private collection agency and its employees were "employees" subject to the exemption.
 
 
 12
 The Court is unable to decide this complex case on the present state of the record. The District Court did not make findings or conclusions respecting the regulatory procedures for notice and hearing available under Michigan or federal law pertaining to student loan collections or the regulatory procedures applicable to wage levies or tax refund offsets. Neither did the District Court make findings of fact respecting the provisions of the contract between the State and G.C. Services or the relationship between G.C. employees and the Michigan departments of Treasury and Education.
 
 
 13
 The judgment below is, therefore, reversed and the case remanded for reconsideration. The court below is instructed to make findings and conclusions with respect to all applicable Michigan and federal regulatory procedures, including state and federal statutory laws, published and unpublished regulations and published and unpublished internal agency operating instructions and procedures, pertaining to wage levies and tax offsets for collection of delinquent student loans. The District Court should also make findings and conclusions respecting the legal relationship between G.C. Services, its employees and the Michigan departments of Treasury and Education.
 
 
 14
 Accordingly, it is so ordered.